1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9

10   MKA REAL ESTATE QUALIFIED FUND            Case No. 13-cv-03843-WHO
     I, LLC,

11                     Plaintiff,

12          v.                                 **ORDER GRANTING PLAINTIFFS'
                                               MOTION TO TRANSFER**
13   GOTTEX FUND MANAGEMENT, LTD.,             Re: Dkt. No. 10

14                     Defendant.

15                              **INTRODUCTION**

16          Defendant Gottex Fund Management, Ltd. has moved to transfer this action to the Central

17   District of California pursuant to the "first to file" rule or, alternatively, for the convenience of the

18   parties under 28 U.S.C. Section 1404(a). Dkt. No. 10. Plaintiff MKA Real Estate Qualified Fund

19   I, LLC has not opposed the motion. Pursuant to Local Rule 7-1(b), the Court finds this matter

20   suitable for determination on the papers without oral argument and vacates the hearing scheduled

21   for October 23, 2013. The Court finds that transfer is warranted under both the "first to file"

22   doctrine and under Section 1404(a) and GRANTS the motion.

23                               **DISCUSSION**

24          Gottex contends that Gottex-affiliated entities loaned $100 million to MKA Real Estate

25   Opportunity Fund I ("MKA Opportunity Fund"), a fund affiliated with plaintiff MKA Real Estate

26   Qualified Fund I ("MKA Qualified Fund"),[1] secured by real estate pledged by MKA Opportunity

27   _____

28   [1] MKA Opportunity Fund and MKA Qualified Fund have the same address and the same agent for
     service of process. *Compare* Dkt. No. 11-1 *with* Dkt. No. 11-2. Their agent is counsel of record

United States District Court
Northern District of California

1   Fund as collateral.  On June 18, 2013, Gottex filed suit in the Central District of California based

2   on MKA Opportunity Fund's default and alleging fraudulent transfers of assets and proceeds due

3   to Gottex.  *See Gottex Fund Management, Ltd. v. MKA Real Estate Opportunity Fund I, LLC*,

4   Case No. SACV13-922-AG.  On June 19, 2013, Gottex filed suit in the Central District seeking to

5   foreclose on the real estate collateral based on the default.  *See Gottex Fund Management, Ltd. v.*

6   *Teton-Mangini Oakley, LLC*, Case No. SACV13-924-AG.  Both cases are before the Hon.

7   Andrew Guilford.  On June 27, 2013 MKA Real Estate filed this action in Contra Costa Superior

8   Court, seeking to void the deed of trust Gottex is trying to foreclose upon.  Gottex removed the

9   action to this Court.

10          The Court finds that transfer under the "first to file" doctrine is appropriate.  The parties

11   and issues in this case and in the cases pending in the Central District are substantially similar as

12   MKA Qualified Fund seeks to void the same deed Gottex is trying to foreclose upon in the Central

13   District action.  *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)

14   (the first to file doctrine is a "generally recognized doctrine of federal comity which permits a

15   district court to decline jurisdiction over an action when a complaint involving the same parties

16   and issues has already been filed in another district"); *Inherent.com v. Martindale-Hubbell*, 420 F.

17   Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quotation omitted) ("The sameness requirement does not

18   mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'").

19          The Court also finds that transfer under Section 1404(a) is warranted.  *See* 28 U.S.C.A. §

20   1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court

21   may transfer any civil action to any other district or division where it might have been brought.").

22   MKA Qualified Fund could have brought this suit in the Central District originally.  Indeed, MKA

23   Qualified Fund originally filed a suit identical to this suit in Orange County Superior Court which

24   was removed to the Central District without objection.  Dkt. No. 11 ¶ 8, Ex. 5.  That suit was

25   dismissed without prejudice.  The traditional Section 1404(a) balancing factors that are not neutral

26   also weigh in favor of transfer:  the underlying loan agreement was negotiated in the Central

27

28   _____

to MKA Qualified Fund in this action.

United States District Court
Northern District of California

1  District and the relevant witnesses and evidence are located in the Central District.  *See Jones v.*

2  *GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); Dkt. No. 11 ¶¶ 2-4, 6; Dkt. No. 12

3  ¶¶ 8-11, 14.

4  **CONCLUSION**

5       Gottex's motion to transfer is GRANTED.  This matter is transferred to the Central District

6  of California.

7       **IT IS SO ORDERED**.

8  Dated: October 21, 2013

9  _____

10  WILLIAM H. ORRICK
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3